UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-10025-CV-KING
MAGISTRATE JUDGE REID

PIERSON VILLALOBOS,

  Petitioner,

v.

FLORIDA DEPARTMENT OF CORRECTIONS,

  Respondent.

_____/

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

### I. Introduction

This matter is before the Court on Petitioner's *pro se* Motion for Leave to Appeal *in forma pauperis* filed pursuant to 28 U.S.C. § 1915. [ECF No. 27]. This cause has been referred to the Undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B). [ECF No. 29]. Upon review of the Motion and the record in this case, the Undersigned **RECOMMENDS** that the Motion be **DENIED**, as further discussed below.

### II. Discussion

A. Factual and Procedural History

Petitioner brought this federal habeas case challenging his state court conviction and sentence on February 15, 2019. [ECF No. 1]. When Petitioner originally filed the case, he did not pay the $5.00 filing fee required by 28 U.S.C. § 1914, nor did he file for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and S.D. Fla. L.R. 88.2(b), so the Court Ordered him to do so before his case may proceed further. [ECF No. 5]. Petitioner then requested ~~filed for~~ leave to proceed *in forma pauperis* [ECF No. 8] but was denied because a review of Petitioner's six-month

account statement showed that he was not completely indigent and that he had sufficient funds in his inmate account to pay the $5 filing fee. [ECF No. 9]. Petitioner then paid the $5 filing fee. [ECF No. 10].

After receiving Petitioner's filing fee, the Undersigned issued a Report and Recommendation, recommending that the Petition be denied on the merits and that a certificate of appealability be denied, because reasonable jurists would not find the assessment of Petitioner's claims to be debatable or wrong. [ECF No. 19]. Petitioner filed Objections [ECF No. 22], and the Court affirmed and adopted the Report over Petitioner's objections. [ECF No. 23]. Petitioner then filed a Notice of Appeal [ECF No. 25], and the instant Motion for Leave to Appeal *in forma pauperis* that is now before the Court. [ECF No. 27].

B.     Standard of Review

Title 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24(a) govern the determination of applications to proceed with an appeal *in forma pauperis*. Before a district court may authorize the commencement of appeal of an action without prepayment of filing fees, the applicant must provide an affidavit that includes a statement of "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). In addition, S.D. Fla. L.R. 88.2(b) requires, among other things, the applicant to "under oath, set forth information which establishes that he or she is unable to pay the fees and costs of the proceedings."

Next, even if an applicant qualifies financially, they may not take an appeal *in forma pauperis* in the appellate court if the district court "certifies in writing that it is not taken in good faith." 28 U.S.C. §1915(a)(3); *see also* Fed. R. App. P. 24(a) (providing that a party may not proceed on appeal *in forma pauperis* if "the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith."). An appeal is taken in good faith under

2

§ 1915(a)(3) if a litigant seeks appellate review of any issue that is not frivolous. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). "Good faith" within the meaning of § 1915 must be judged by an objective, not a subjective, standard. *See id.*

C.       Petitioner's Motion to Appeal *in forma pauperis* Should be Denied

Petitioner's Motion should be denied because it does not comply with the filing requirements of 28 U.S.C. § 1915(a) and Fed. R. App. P. 24(a) and because Petitioner has not met his burden of showing a non-frivolous issue for appeal. Petitioner has failed to provide: (1) an affidavit containing "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress," as required by 28 U.S.C. § 1915(a)(1) and Fed. R. App. P. 24(a)(1); and (2) has failed to "set forth information which establishes that he or she is unable to pay the fees and costs of the proceedings" which must also be done "under oath[1]," as required by S.D. Fla. L.R. 88.2(b). While it is true that Petitioner did file a six-month inmate account statement as required by 28 U.S.C. § 1915(a)(2) [ECF No. 31], that is not enough, and all requirements must be met to establish entitlement to proceed *in forma pauperis*.

In addition to these technical filing deficiencies, Petitioner's Motion should also be denied because the appeal is not sought in good faith. Petitioner does not identify any issue~~thing~~, let alone a non-frivolous issue to appeal, and it is Petitioner's burden to do so. Even liberally construing the Motion as Petitioner seeking to appeal the merits denial of his Petition, there is no basis for such an appeal for the same reasons that a certificate of appealability was denied, despite the slightly different standards of evaluating each. Accordingly, without more, Petitioner fails to meet his burden and his Motion should be denied.

---

[1] Petitioner used a form application that does contain such a statement; however, Petitioner did not sign that portion of the application and only placed an "x" on the signature line. This mark does not appear to be a signature and does not match Petitioner's other signatures filed in this case. However, even if it did qualify as a signature, Petitioner's Motion should still be denied for the other deficiencies identified in this Report and Recommendation.

### III. Recommendations

Based on the above, it is **RECOMMENDED** that Petitioner's Motion for Leave to Appeal *in forma pauperis* [ECF No. 27] be **DENIED**.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." *See* 11th Cir. R. 3-1 (2016); *see also* 28 U.S.C. § 636(b)(1)(C); *Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**SIGNED** this 20th day of January, 2021.

UNITED STATES MAGISTRATE JUDGE

cc:     **Pierson Villalobos**
        K09100
        Holmes Correctional Institution
        Inmate Mail/Parcels
        3142 Thomas Drive
        Bonifay, FL 32425
        *PRO SE*