UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

CASE NO. 4:19-cv-10025-KING/REID

PIERSON VILLALOBOS,

    Petitioner,

v.

FLORIDA DEPARTMENT OF CORRECTIONS,

    Respondent.
_____/

### ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT

THIS CAUSE is before the Court on Petitioner's Motion for Relief from Judgment or Order (DE 40) (the "Motion"), filed November 23, 2021. Petitioner seeks to vacate this Court's Final Order of Dismissal (DE 23) arguing that he was not allowed to reply to the Department of Correction's Response. *See* Mot. Specifically, Petitioner argues that when the Court construed his Motion for Extension to Reply (DE 20) as a motion to file objections to the Magistrate Judge's Report and Recommendations ("R&R") his constitutional right to due process was denied. *Id*.

On February 15, 2019, Petitioner filed his Habeas Corpus Petition. DE 1. On February 27, 2019, Magistrate Judge Reid entered an Order to Show Cause. DE 6. On April 29, 2019, Respondent filed its Response to the Order to Show Cause. DE 13. On May 28, 2020, Magistrate Judge Reid entered her R&R. DE 19. After the R&R was entered, Petitioner moved for an extension to file a reply. DE 20. Subsequently, Petitioner filed his Objections to the R&R. DE 22. The Court considered the Objections (which did not raise this due process argument) and affirmed and adopted the R&R and dismissed this case (DE 23).

Petitioner argues for the first time in a reply that his due process rights were violated. Petitioner was required to state all of his claims and the factual support for those claims in his federal petition. See Rule 2(c), Rules Governing Habeas Corpus Cases Under Section 2254 ("The petition must: (1) specify all the grounds for relief available to the petitioner . . ."). He did not do so.

Petitioner may no longer amend his petition as a matter of course by including new and independent factual claims in a reply brief because the respondent has already served its answer. *See* Fed. R. Civ. P. 15(a) (a party is permitted to amend a pleading once "as a matter of course" at any time before a responsive pleading is served or, otherwise, only by leave of court or by written consent of the adverse party); Rule 11 of the Rules Governing Section 2254 Proceedings (district court may apply the Federal Rules of Civil Procedure consistent with the Rules Governing Section 2254 Proceedings). Petitioner did not raise these new factual assertions in his operative petition.

Finally, a reply memorandum may not raise new arguments or evidence, particularly where the evidence was available when the underlying operative petition was filed, and Petitioner was aware (or should have been aware) of the necessity of the evidence. *See Foley v. Wells Fargo Bank, N.A.*, No. 11-62314-CIV, 849 F.Supp.2d 1345, at *2 (S.D. Fla. Feb. 17, 2012); *TCC Air Servs., Inc. v. Schlesinger*, No. 05–80543–CIV, 2009 WL 565516, at *7 (S.D. Fla. Mar. 5, 2009); *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) (A traverse is not the proper pleading to raise additional grounds for relief. In order for the state to be properly advised of additional claims, they should be raised in an amended petition or statement of additional claim).

2

This Court is mindful of its responsibility to address and resolve all claims raised in a petition. *Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992) (instructing "the district courts to resolve all claims for relief raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254." *Williams v. Fla. Dep't. of Corr.*, 391 F. App'x 806, 810 (11th Cir. 2010) (per curiam). That said, nothing in *Clisby* requires or suggests consideration of a claim raised for the first time in a reply. In fact, the Eleventh Circuit Court of Appeals has repeatedly admonished that arguments raised for the first time in a reply brief are not properly before a reviewing court. *See, e.g.*, *Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338 (11th Cir. 2005); *United States v. Whitesell*, 314 F.3d 1251, 1256 (11th Cir. 2002) (per curiam) (Court need not address issue raised for first time in reply brief); *United States v. Dicter*, 198 F.3d 1284, 1289 (11th Cir. 1999) (issue raised for first time in reply brief was waived).

Accordingly, it is **ORDERED, ADJUDGED and DECREED** that Petitioner's Motion for Relief from Judgment or Order (**DE 40)** is hereby **DENIED**.

**DONE and ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 1st day of December, 2021.

                                          */s/ James Lawrence King*
                                          **JAMES LAWRENCE KING**
                                          UNITED STATES DISTRICT JUDGE
                                          SOUTHERN DISTRICT OF FLORIDA

**cc:**    **All counsel of record**
        **Pierson Villalobos,** *pro se*
        K09100
        Holmes Correctional Institution
        Inmate Mail/Parcels
        3142 Thomas Drive Bonifay, FL 32425